UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALTAUNE BROWN,

                              Plaintiff,                  **COMPLAINT**

                     -against-                       *Civil Action No.*

                                                                             1:24-cv-249

BEAUTY TREND GROUP INC. AND LLS
REALTY ASSOCIATES, LLC,

                          Defendants.

-------------------------------------------------------- X

Plaintiff, ALTAUNE BROWN, ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues BEAUTY TREND GROUP INC., a domestic business corporation, and LLS REALTY ASSOCIATES, LLC, a domestic limited liability company, both registered and licensed to conduct business in the State of New York (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit is located at 203 Grand Street, New York, NY 10013 (hereinafter "Premises").

4. Venue is proper in this Court as the premises is located in the State of New York, County of Bronx.

5. The Defendants, BEAUTY TREND GROUP INC. and LLS REALTY ASSOCIATES, LLC are each authorized to conduct and are conducting business within the State of New York.

6. Upon information and belief, BEAUTY TREND GROUP INC. is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, LLS REALTY ASSOCIATES, LLC is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, who also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11. At the time of each of Plaintiff's visits to the Premises, and prior to the instant action, Plaintiff was, and still is, a resident of the City and State of New York. Plaintiff is a paraplegic,

which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12. On May 15, 2023, Plaintiff attempted to enter Defendants' Premises that sells unique beauty products, which is .8 miles from his home, to purchase beauty supplies that his daughter prefers for her. When Mr. Brown arrived at the Premises, he encountered steps at the front, and waived to the employee who did not see him. Mr. Brown then noticed a sign and buzzer to press for assistance, but when he pressed the button for assistance, the employee looked at him through the window, and when Mr. Brown pointed to the steps, she simply waved her finger at him signaling no. Mr. Brown pointed at the steps again and the employee waived her finger at his again and shrugged her shoulders. The employee refused to come to the door to speak with all, but instead then waved him away and continued to assist a customers in the store. Set on purchasing the products for his daughter, Mr. Brown pressed the buzzer again to get assistance in, but it was ignored. The entire experience was frustrating and upsetting in a way that he could not be there for his daughter. Because of the architectural barriers at the store, such as, inter alia, the steps at the entrance, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation.

13. Plaintiff lives in the neighborhood with his family and routinely shopping for his family. Plaintiff continues to be denied access and therefore suffered an injury in fact. Plaintiff is currently deterred from going to the Premises based on his knowledge of the barriers that exists and intends on immediately returning to the Premises to purchase the unique beauty supplies for his daughter, once the barriers are removed and the Premises is ADA compliant.

14. Defendant has engaged in deplorable and deceitful conduct of appearing to have an accessible ramp, but in fact does not or it does not in fact use it, simply to evade liability.

Defendant has clearly chosen not to train their employees despite being aware of there obligations at law. Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

15.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

16.     The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

17.     The Plaintiff is informed and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

18.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

19.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

20.     Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to reside in the City and State of New York and continues to desire to visit the Premises in the future, but will suffer future harm in that he is unable to access the Premises and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

21.     Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

22.     The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

   a. Due to the steps leading to the entrance, the Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Sections 206.2.1, 303.5 and 404.2.4 of the 2010 ADAAG standards.

   b. Failure to provide at least one of each type of sales counter and/or service counter complying with section 904.4 of 2010 ADAAG Standards in violation of section 227.3 of 2010 ADAAG Standards.

   c. Failure to maintain an ADA Compliant sign and buzzer.

  d. The merchandise throughout the Premises is inaccessible in violation of Section 308 of 2010 ADAAG Standards.

  e. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

23. Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

24. To date, the architectural barriers and other violations of the ADA still exist, the removal of which is readily achievable and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA or to create access to the Premises.

25. Pursuant to ADA, 42 U.S.C. §1201 <u>et. Seq.</u> and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "26" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

28. The New York City Human Rights Law provides:

a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…NYC Admin. Code §8-107(4)(a).

29. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

30. The Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "30" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

32. The New York State Human Rights Law provides:

a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations,

advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…NYS Exec. Law §296 (2)(a).

33. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

34. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## **PRAYER FOR RELIEF**

36. The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

38. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

d. The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

e. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
Janaury 11, 2024

THE MARKS LAW FIRM, PC

By: _____
Bradly G. Marks
155 E 55th Street, Suite 4H
New York, NY 10022
T:(646) 770-3775
F: (646) 770- 2639
Brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                              Plaintiff,

      -against-

BEAUTY TREND GROUP INC. AND LLS REALTY ASSOCIATES, LLC,

                              Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
155 E 55th Street, Suite 4H
New York, NY 10022